**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TRANSTAR INDUSTRIES, INC.,** | ) | **CASE NO. 1:15CV1735** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **ANTHONY LEWIS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter came before the Court for an Attorney Conference held on September 3, 2015, and upon consideration of Defendants' Notice of Removal (ECF DKT #1) filed on August 27, 2015.

<u>**I. BACKGROUND**</u>

On August 27, 2015, Defendants, Anthony Lewis and Whatever It Takes Transmission and Parts, Inc. ("WIT"), removed this case from Cuyahoga County Common Pleas Court on the basis of diversity jurisdiction.

Lewis executed a Non-Competition, Non-Disclosure, Non-Solicitation and Confidentiality Agreement on December 12, 2011, as a condition of his employment with

Transtar.  According to the Agreement, Lewis is prohibited, for a period of twelve (12) months after termination from employment with Transtar, from accepting employment with a competitor located within 100 miles of the Transtar branch from which Lewis's employment is based, from soliciting Transtar's customers, from soliciting Transtar's employees, from soliciting Transtar's vendors and from using or disclosing Transtar's confidential business information.  In his positions as Branch Manager and later as Regional Manager, Lewis allegedly had access to Transtar's business plans, pricing models, customer lists, employee lists, vendor lists and other confidential and proprietary business information that provides Transtar with a competitive advantage.

On July 7, 2015, Lewis voluntarily resigned from his employment with Transtar and accepted employment almost immediately with WIT.  Transtar alleges that Lewis is the lead WIT employee in the opening of the new WIT Arizona branch office that will directly compete with the Transtar branch office he formerly managed.

Transtar's Complaint, filed in state court on August 11, 2015, is captioned "***Complaint for Injunctive Relief With Jury Demand***."  The Complaint quotes Defendant Lewis's Non-Competition, Non-Disclosure, Non-Solicitation and Confidentiality Agreement, paragraph 2: "Transtar would suffer irreparable harm from a breach or threatened breach by Employee of any of the covenants or agreements contained herein and money damages would be an inadequate remedy for such breach or threatened breach."  Each Count concludes with: "unless injunctive relief is granted, Defendants' actions will cause Transtar to suffer irreparable harm."  Count V is solely a claim for injunctive relief.  The Prayer is for injunctive relief requiring Lewis's compliance with the Agreement; requiring WIT to cease employing

Lewis; requiring WIT to return Transtar's confidential business information; demanding reasonable attorneys' fees pursuant to Ohio statutory and common law; demanding costs incurred in prosecuting this action; and any other appropriate relief that this Court deems just and equitable.

## II. LAW AND ANALYSIS

**Removal**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990). In other words, a party can remove an action from state to federal court if federal court would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction rests upon the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). The court must review the complaint as it existed at the time the petition for removal was filed, and all doubts must be resolved against removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the state court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir. 1930).

**Diversity jurisdiction**

In order to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the parties *and* an amount-in-controversy exceeding Seventy-Five Thousand Dollars ($75,000). For a federal district court to have original jurisdiction over a civil action based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The removing party has the burden of showing by a preponderance of the evidence ("more likely than not") that the amount-in-controversy requirement has been met. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "To satisfy this burden, this circuit requires defendants who are faced with an indeterminate state court complaint to make an independent inquiry as to the extent of the plaintiff's damages *prior to filing the notice of removal*. *Bowling v. Ryan*, 2005 WL 1875465 (E.D. Ky. July 29, 2005), fn.2 at *3; *Cole*, 728 F.Supp. at 1309. (Emphasis added).

The diversity analysis, which the Court must undertake, focuses on the facts as they existed at the time the action was removed. *Hayes*, 266 F.3d at 573. Defendants maintain that the Complaint alleges violations of the Ohio Trade Secrets Act, which allows for recovery for actual loss caused by misappropriation, attorneys' fees and punitive damages of three times the actual loss. Defendants point to related litigation between Transtar and WIT in another courtroom in the U.S. District Court for the Northern District of Ohio. That case involves alleged unfair competition in the state of Maryland; and Transtar is claiming monetary damages consisting of lost revenue, lost customers and a drastic reduction in its price point because WIT is offering prices below theirs for automotive transmission products.

The Court is not convinced by Defendants' arguments. Transtar's Complaint, viewed at the time of removal, makes no request for compensatory or exemplary damages of any sort. In fact, the Complaint is carefully drafted to seek only injunctive relief. The Court will not speculate as to what monetary relief, if any, Transtar hopes to recover and will not superimpose the damages sought in another case upon this one. Defendants have failed to show that it is more likely than not that the monetary jurisdictional amount has been satisfied.

### III. CONCLUSION

Since removal jurisdiction must be narrowly construed; since any doubt should be resolved in favor of remand; and since Defendants, Lewis and WIT, have not met their burden of establishing the requirements of diversity jurisdiction by a preponderance of the evidence; the above-captioned case is remanded to Cuyahoga County Common Pleas Court. This Court will entertain Plaintiff's Motion for Fees based upon wrongful removal. The Motion shall be filed by September 10, 2015 and any opposition shall be filed by September 17, 2015.

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: September 3, 2015**