UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TRANSTAR INDUSTRIES, INC.,** | ) | **CASE NO. 1:15CV1735** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **ANTHONY LEWIS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #12) of Plaintiff, Transtar Industries, Inc., for Fees and Costs. For the following reasons, the Motion is denied.

**I. BACKGROUND**

On August 27, 2015, Defendants, Anthony Lewis and Whatever It Takes Transmission and Parts, Inc. ("WIT"), removed this case from Cuyahoga County Common Pleas Court on the basis of diversity jurisdiction.

Lewis executed a Non-Competition, Non-Disclosure, Non-Solicitation and Confidentiality Agreement on December 12, 2011, as a condition of his employment with Transtar. According to the Agreement, Lewis is prohibited, for a period of twelve (12)

months after termination from employment with Transtar, from accepting employment with a competitor located within 100 miles of the Transtar branch from which Lewis's employment is based, from soliciting Transtar's customers, from soliciting Transtar's employees, from soliciting Transtar's vendors and from using or disclosing Transtar's confidential business information.  In his positions as Branch Manager and later as Regional Manager, Lewis allegedly had access to Transtar's business plans, pricing models, customer lists, employee lists, vendor lists and other confidential and proprietary business information that provides Transtar with a competitive advantage.

On July 7, 2015, Lewis voluntarily resigned from his employment with Transtar and accepted employment almost immediately with WIT.  Transtar alleges that Lewis is the lead WIT employee in the opening of the new WIT Arizona branch office that will directly compete with the Transtar branch office he formerly managed.

Transtar's Complaint, filed in state court on August 11, 2015, is captioned "***Complaint for Injunctive Relief With Jury Demand***."  The Complaint quotes Defendant Lewis's Non-Competition, Non-Disclosure, Non-Solicitation and Confidentiality Agreement, paragraph 2: "Transtar would suffer irreparable harm from a breach or threatened breach by Employee of any of the covenants or agreements contained herein and money damages would be an inadequate remedy for such breach or threatened breach."  Each Count concludes with: "unless injunctive relief is granted, Defendants' actions will cause Transtar to suffer irreparable harm."  Count V is solely a claim for injunctive relief.  The Prayer is for injunctive relief requiring Lewis's compliance with the Agreement; requiring WIT to cease employing Lewis; requiring WIT to return Transtar's confidential business information; demanding

reasonable attorneys' fees pursuant to Ohio statutory and common law; demanding costs incurred in prosecuting this action; and any other appropriate relief that this Court deems just and equitable.

On September 3, 2015, the Court undertook an obligatory diversity jurisdiction analysis, focusing on the facts as they existed at the time the action was removed. Since removal jurisdiction must be narrowly construed, since any doubt should be resolved in favor of remand, and since Defendants, Lewis and WIT, failed to meet their burden of establishing the requirements of diversity jurisdiction by a preponderance of the evidence, the Court remanded the above-captioned case to Cuyahoga County Common Pleas Court. (ECF DKT #9). The Court further expressed a willingness to entertain a request for fees based upon wrongful removal.

Plaintiff filed the instant Motion for Fees and Costs on September 10, 2015, arguing that Defendants' removal on the basis of diversity jurisdiction was objectively unreasonable because the Complaint sought only injunctive relief and did not allege any claims for compensatory or punitive damages. Consequently, Defendants failed to establish the amount in controversy of $75,000 for diversity jurisdiction.

## II. LAW AND ANALYSIS

If the court determines that removal was improper, the matter ***must*** be remanded; and the remand order "***may*** require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). (Emphasis added). "District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th

Cir. 2008). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), however, the Supreme Court limited a district court's discretion to award fees to situations where "the removing party lacked an *objectively reasonable* basis for seeking removal." *Id*. at 141. The Sixth Circuit "has similarly instructed that an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Warthman*, 549 F.3d at 1059-60 (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005).

In the instant case, Defendants supported removal by estimating "the value of the object of the litigation," *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), or "the value of the right to be protected or the extent of the injury to be prevented" *Goldsmith v. Sutherland*, 426 F.2d 395, 398 (6th Cir. 1970). Defendants evaluated Transtar's potential lost revenue, lost customers and diminished good will due to Defendants "unofficially" opening a competing branch office in Phoenix, Arizona. Unfortunately, because Defendants failed to satisfy their burden by a preponderance of the evidence, the Court was forced to speculate whether the jurisdictional amount of $75,000 was met.

Courts in the Sixth Circuit have not clearly defined when a party has an "objectively reasonable basis" for seeking removal; but even erroneous removals have been found objectively reasonable in certain circumstances. *Geriak v. ARNCO*, No. 1:10cv2856, 2011 WL 1576087 at *7 (N.D.Ohio Mar. 3, 2011).

> Congress permitted awards of costs and attorney's fees under 28 U.S.C. § 1447(c) to deter defendants from abusing the right of removal. Congress did not intend sanctions for those who merely erroneously remove their cases, as "there is no reason to suppose Congress meant to confer a right to remove,

while at the same time discourag[e] its exercise in all but obvious cases." (Internal citations omit

Thus, even though the Court decided that Defendants erroneously maintained that the jurisdictional amount was satisfied, that did not mean that the removal was objectively unreasonable.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #12) of Plaintiff, Transtar Industries, Inc., for Fees and Costs is denied.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 16, 2016**